**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**VINCE ARNOLD MOORE**                                                               **PLAINTIFF**

**v.**                                                                           **No. 4:25CV162-JMV**

**MISSISSIPPI DEPARTMENT
OF CORRECTIONS, ET AL.**                                                           **DEFENDANTS**

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* prisoner complaint of Vince Arnold Moore, who challenges the conditions of his confinement under 42 U.S.C. § 1983 – which provides a federal cause of action against "[e]very person" who under color of state authority causes the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit.[1]

The plaintiff alleges that the defendants failed to protect him from attack by another inmate – and failed to provide medical care for a broken jaw sustained during the encounter. In addition, "knots" appeared under his skin, and he fears they might be signs of cancer. He has requested examination and screening to rule out cancer, but medical staff have refused to order any diagnostic testing. He initially named as defendants the Mississippi Department of Corrections (MDOC), MDOC Administration, and MDOC Medical.

On April 16, 2026, the court issued an order [10] for the plaintiff to show cause why the instant case should not be dismissed with prejudice for failure to state a claim upon which relief could

---

[1] *See* 42 U.S.C. § 1997e(a); *see also Williams v. Henagan,* 595 F.3d 610 (5th Cir. 2010) (PLRA applies when inmate is incarcerated at the time he files suit, even if he was released during pendency of suit).

be granted. He responded [11] to the court's order on May 8, 2026, and named additional defendants – Commissioner Burl Cain, Superintendent Mark McClure, Deputy Superintendent Reynolds, Warden McDonald, Deputy Warden Meek, VitalCore medical staff, N.P. Bruton and nurses at the Unit 42 Hospital at the Mississippi State Penitentiary. Moore has not alleged facts connecting any of the named defendants to the allegations in his complaint.

For the reasons set forth below, the court finds that the plaintiff has not shown cause, and the instant case will be dismissed with prejudice for failure to state a claim upon which relief could be granted.

### Factual Allegations[2]

Vince Arnold Moore was housed in Unit 29-C at the Mississippi State Penitentiary (MSP or Parchman) between November 2023 and February 2024. Doc. 1, p. 5, Doc. 1-1, p. 2-3. He was assaulted during this time, and the guards saw the attack on tower surveillance cameras but did not prevent it. *Id.* The attack injured his jaw, and Moore requested medical care – but did not visit medical for 30 to 45 days. Doc. 1-1, p. 2-3. *Id.* Eventually, Moore was referred to a Free World doctor, who said his jaw was broken, but it had begun to heal, and it could not be wired into position. *Id.*

He suffers ringing in his ears, hearing difficulty, headaches, and he bites the inside of his jaw when he eats. *Id.* He has developed "knots" under his skin; he believes they may be cancerous, but medical personnel have refused to provide him with screening. *Id.* He has submitted many sick call requests to address his injuries, but "nothing has been done." *Id.*

---

[2] The court has drawn the facts in this case from the plaintiff's complaint, his response to the show cause order, and attached documents. In that response he merely named addition defendants without alleging facts to show they may be liable for his injuries – and attached grievances regarding some of those allegations (the same ones). He also attached summaries of cases having little relevance to the allegations in his complaint.

He seeks as relief "to [pursue] a law suit – civil action." In his prison grievance (attached to his complaint) he requests, among other things, to "rec[e]ive the proper medical treatment" for his head." Doc. 1-1, p. 5.

## Discussion

For several reasons, the complaint, as supplemented by the plaintiff's response to the court's show cause order, will be dismissed with prejudice for failure to state a claim upon which relief could be granted. The court will discuss these issues, in turn, below.

### MDOC Defendants Not Amenable to Suit

Moore has named MDOC, MDOC Administration, and MDOC Medical as defendants in this case (MDOC defendants) – all of which are simply variants of MDOC, itself. The plaintiff's allegations against these defendants fail to state a valid claim under § 1983 because the MDOC is not a "person" within the meaning of that statute. Section 1983 provides, in pertinent part, that:

> Every *person* who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

42 U.S.C. § 1983. Thus, in order to maintain a claim under § 1983, a plaintiff must allege that a person acting under color of state law deprived him of a right secured by the Constitution or other law of the United States.

MDOC is an agency of the State of Mississippi, as created by its statutes, and, with one exception, neither states – nor officials of the state sued in their official capacity – are amenable to suit under 42 U.S.C. § 1983 – as they are not considered "persons" within the meaning of the statute. "We hold that neither a State nor its officials acting in their official capacities are "persons" under § 1983." *Will v. Michigan Dept. of State Police,* 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989).

There is an exception to this general rule, however, as a state official in his official capacity, when sued for *injunctive* relief, *is* a person under § 1983 because "official-capacity actions for prospective relief are not treated as actions against the State." *Kentucky v. Graham,* 473 U.S., at 167, n. 14, 105 S.Ct., at 3106, n. 14; *Ex parte Young,* 209 U.S. 123, 159–160, 28 S.Ct. 441, 453–454, 52 L.Ed. 714 (1908). There is thus a difference between an *individual sued in his official capacity* and the *State, itself,* when the plaintiff seeks injunctive relief. Though states, state agencies and state officials in their official capacities may not be sued under § 1983 for damages or other retrospective relief, *state officials in their official capacities* may be sued for prospective injunctive relief *even though states and state agencies are not similarly subject to such liability.*

In the present case, the plaintiff has requested "proper medical treatment," which is a request for prospective injunctive relief – and could fall under the exception to the general rule. However, this exception applies only when the plaintiff seeks to recover such injunctive relief as to an individual defendant in his official capacity. *Id*. These defendants are institutional; none of them is an individual. As such, the *Young* exception does not apply, and the plaintiff's allegations do not constitute a valid claim for relief under § 1983.

### No Facts Alleged to Implicate Defendants Burl Cain, Mark McClure, Superintendent Reynolds, Warden McDonald, Warden Meek, and N.P. Burton

In the show cause order, the court noted that the named defendants were not "persons" subject to suit under 42 U.S.C. § 1983. The court then provided the plaintiff an opportunity to name proper defendants and allege facts to support his claims against them. As set forth above, the plaintiff has named additional defendants; however, he has alleged no facts to show that they participated in the

events giving rise to his claims.[3] For a plaintiff to state a valid claim under § 1983, he must "identify defendants who are either personally involved in the constitutional violation or whose acts are causally connected to the constitutional violation alleged." *Woods v. Edwards*, 51 F.3d 577, 583 (5th Cir. 1995) (citing *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983)). In this case, Moore has simply named defendants without alleging facts to support any claim against them. As such, his claims against these defendants must be dismissed with prejudice for failure to state a valid claim under 42 U.S.C. § 1983.[4]

## Denial of Adequate Medical Treatment

Moore also alleges that the defendants failed to provide him adequate medical care by delaying treatment for his broken jaw and refusing to screen him for cancer. In order to prevail on an Eighth Amendment claim for denial of medical care, a plaintiff must allege facts which demonstrate "deliberate indifference to the serious medical needs of prisoners [which] constitutes 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment . . . whether the indifference is manifested by prison doctors or prison guards in intentionally denying or delaying access to medical care . . . ." *Estelle v. Gamble*, 429 U.S. 97, 104-105, 50 L. Ed. 2d 251, 260 (1976); *Mayweather v. Foti*, 958 F.2d 91, 91 (5th Cir. 1992). The test for establishing deliberate indifference is one of "subjective recklessness as used in the criminal law." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Under this standard, a state actor may not be held liable under 42 U.S.C. § 1983 unless plaintiff alleges facts which, if true, would establish that the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the

---

[3] The plaintiff has named Nurse Practitioner Burton, a medical care provider; however, he has not alleged any action or omission of Burton which cause him injury.

[4] He has also names "Vital Core Medical Staff;" however, he has not identified a medical staff individual person whose actions cause him injury. As such, Vital Core Medical Staff must be dismissed as an improperly named defendant.

inference." *Id.* at 838. Only in exceptional circumstances may a court infer knowledge of substantial risk of serious harm by its obviousness. *Id.* Negligent conduct by prison officials does not rise to the level of a constitutional violation. *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662 (1986), *Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668 (1986).

When alleging that a defendant delayed providing medical treatment, rather than denying it, a plaintiff must demonstrate that he suffered substantial harm resulting from the delay in order to state a claim for a civil rights violation. *Mendoza v. Lynaugh*, 989 F.2d 191, 193 (5th Cir. 1993); *Campbell v. McMillin*, 83 F. Supp. 2d 761 (S. D. Miss. 2000). A prisoner's mere disagreement with medical treatment provided by prison officials does not state a claim against the prison for violation of the Eighth Amendment by deliberate indifference to his serious medical needs. *Gibbs v. Grimmette*, 254 F.3d 545 (5th Cir.2001), *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997).

"Deliberate indifference is not established when medical records indicate that [the plaintiff] was afforded extensive medical care by prison officials." *Brauner v. Coody*, 793 F.3d 493, 500 (5th Cir. 2015). Nor is it established by a physician not accommodating a prisoner's requests in a manner he desired or the prisoner's disagreement with the treatment. *Id.*; *Miller v. Wayback House*, 253 F. App'x 399, 401 (5th Cir. 2007). To meet his burden in establishing deliberate indifference on the part of medical staff, the plaintiff "must show that [medical staff] refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Brauner*, 793 F.3d at 498.

In this case, the plaintiff describes two instances which he believes constitute denial of adequate medical care: (1) delay in treating his broken jaw; and (2) denial of his requests for cancer testing. His allegation of delayed treatment for his broken jaw could state a proper claim for relief under § 1983; however, as discussed below, he has not named a valid defendant regarding any of his

allegations. The case may not proceed without a valid defendant – who participated in the alleged constitutional violation.

His allegation regarding denial of his request for cancer testing must be dismissed with prejudice for failure to state a valid claim for relief. As to this claim, the plaintiff merely disagrees with medical staff regarding the need for such diagnostic testing, and, as set forth above, mere disagreement with a course of testing or treatment does not rise to the level of deliberate indifference. For all of these reasons, the plaintiff's allegations regarding denial of adequate medical treatment must be dismissed for failure to state a constitutional question.

**Failure to Protect**

Moore further claims that the defendants failed to protect him from attack by another inmate. "The Eighth Amendment affords prisoners protection against injury at the hands of other inmates." *Johnson v. Lucas*, 786 F.2d 1254, 1259 (5th Cir. 1986) (citations omitted). Deliberate indifference "[is] the proper standard to apply in the context of convicted prisoners who claim[] denial of medical care or the failure to protect." *Grabowski v. Jackson County Public Defenders Office*, 47 F.3d 1386, 1396 (5th Cir. 1995). A prisoner plaintiff cannot show that a prison official showed deliberate indifference unless he can show that "the official [knew] of and disregard[ed] an excessive risk to inmate health or safety;" indeed, the official must have been aware of facts giving rise to an inference that a substantial risk of serious harm existed – and he must have drawn that inference. *Farmer v. Brennan,* 511 U.S. 825, 837 (1994). An inmate pursuing a claim for failure to protect may prove his claim by showing that the defendants knew of a specific threat to him but failed to take measures to protect him from it. *Id.* at 843.

The plaintiff has not pled sufficient facts to support this claim. He has not alleged facts showing that the officers could have anticipated that the other inmate would assault him; nor has he

alleged facts showing that the officers were in a position to prevent the attack – or to stop the attack once it began. He alleges only that the officers viewed the attack on the tower video monitor – not that they knew the attack was imminent – or were in close enough proximity to protect him as he was attacked. For these reasons, the plaintiff's allegations regarding failure to protect him from attack must be dismissed for failure to state a valid claim under § 1983.

### Conclusion

As discussed above, several of the named defendants (MDOC, MDOC Administration, and MDOC Medical) are not "persons" who may be sued under 42 U.S.C. § 1983 for violating the plaintiff's constitutional rights. Further, though Moore has named several individual defendants, he has not shown that they were involved in the decision to delay treatment for his broken jaw – or were on duty during his attack – and knew the attack was imminent – and were in a position to protect him. As such, the instant case must be dismissed, as it cannot move forward in the absence of a proper defendant and allegations that a defendant participated in the events at issue.

For the reasons set forth above, the instant case will be dismissed with prejudice for failure to state a claim upon which relief could be granted. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 13th day of July, 2026.

/s/  Jane M. Virden
UNITED STATES MAGISTRATE JUDGE

- 8 -